FEIBLEMAN v. MISSISSIPPI CANE SYRUP CO., INC.

(February 25, 1929. Opinion and Decree.)

Edwin F. Marx, of New Orleans, attorney for plaintiff, appellee.

Hubert M. Ansley, of New Orleans, attorney for defendant, appellant.

JONES, J. This is a suit for $500.00 alleged to be a balance due to plaintiff as a traveling salesman for defendant during the year 1925.

Petitioner alleges that he was employed at a salary of $150.00 per month beginning January 1, 1925, was paid $1,300.00, leaving a balance due of $500.00, and that he left the employment of defendant on January 1, 1926. He also claims, as a clerk or secretary, a lien and privilege on the contents of the business of defendant company, under Article 3191 of the Civil Code.

Defendant answered admitting the employment of plaintiff, but averred he had been employed from month to month' at a salary of $150.00 and that he had not worked during the months of November and December, 1925, but had been loafing around the office. It further admitted that he had been allowed $50.00 per week for traveling expenses while on the road, but averred that he had failed to account for this fund, as he had contracted to do, and it therefore filed a reconventional demand for an accounting and for judgment for the balance found to be due after such accounting.

The trial judge refused to grant a lien, but gave judgment for plaintiff in the sum of $447.50, having deducted from the amount claimed $52.50, because this sum had been paid to plaintiff in error.

Defendant has appealed and plaintiff has answered appeal asking for the full amount claimed, for recognition of his lien, and also for 10% damages for frivolous appeal.

Only questions of fact are involved and we find that the record abundantly shows that Feibleman was employed as a drummer during the year 1925 at a salary of $150.00 per month; that he was allowed $50.00 a week expense money while traveling and that he offered to submit a statement of his traveling expenses when he returned from his first trip, but his offer was declined and no subsequent demand was ever made on him for such accounting. He was never discharged, but continued in the employment of the company during the months of November and December. He sent in his resignation to become effective December 31, 1925.

W. R. Taylor, president of defendant company, testified that he had paid $52.50 to Feibleman in error as a commission on a shipment of 525 cases of syrup to the Fordson Grocery Company of Corsicana, Texas; that this was follow-up business on an order originally given plaintiff while he was being paid a salary. The testimony of plaintiff on this point tends to sustain this contention of Mr. Taylor, as he entirely failed to prove that this shipment resulted from his solicitations after the first of January, 1926, as claimed by him on the trial of the case.

Subdivision 6 of Article 3191 of the Civil Code provides that the salaries of clerks, secretaries and other persons of that kind are entitled to privileges on all the movables, but we have been referred to no decision holding that a traveling salesman is either a clerk or a secretary, and such does not seem to us a fair interpretation of the article. Clerks and secretaries are generally employed around the office, whereas the duties of a salesman are all outside of the office, and privileges must be strictly construed.

Although the contentions of defendant are not sustained by the record, we think that there are sufficient discrepancies in the testimony to justify refusal to allow damages for a frivolous appeal.

For above reasons the judgment is affirmed.